Conway Municipal Court,
No. 4672.

STATE (*Francis Sutton, Complainant*)

*v.*

ERNEST SWIFT.

Argued June 4, 1958.

Decided June 20, 1958.

*L. Hamlin Greene* for the complainant, furnished no brief.

*Louis C. Wyman,* Attorney General, *John J. Zimmerman,* Assistant Attorney General and *Arlond C. Shea,* county solicitor (*Mr. Zimmerman* orally), for the respondent.

PER CURIAM. This complaint, charging the respondent with violation of RSA 263:53, which forbids driving at a speed greater than is reasonable and prudent, arose out of testimony given by him in the course of trial of a like complaint against Francis Sutton, the complainant herein. The complaint by Sutton against Swift was filed by counsel for Sutton on March 21, 1958, after the respondent, who is a state "police employee" (RSA ch. 106), testified that he had apprehended Sutton following complaint by a motorist of a violation of RSA 207:7 forbidding hunting from a motor vehicle; and that in apprehending Sutton he had operated his own vehicle at a speed in excess of sixty-five miles an hour.

The statutory law provides that *prima facie* speed limits (RSA 263:54) shall not apply to "authorized emergency vehicles when responding to emergency calls" (RSA 263:57), a provision originally limited to the operation of vehicles under the direction of police officers in the apprehension of persons suspected of violation of the law. Laws 1927, *c.* 76, *s.* 2. Apart from this statutory exemption, there is authority for the proposition that violation of traffic regulations by police officers engaged in apprehending offenders gives rise to no criminal liability if the care which they exercise for the safety of others is reasonable under the circum-

stances in which they are called upon to act. See *Lilly* v. *West Virginia,* 29 F. 2d 61 (4th Cir. 1928); *State* v. *Gorham,* 110 Wash. 330. Finally, the ultimate requirement of our statute is that speed shall be reasonable and prudent under the conditions. RSA 263:53, *supra.* The respondent was properly acquitted of the charge made.

The issue transferred to this court is whether the Assistant Attorney General could properly appear for the respondent in this case. After the complaint was filed, it was continued for hearing, to be held on March 28, 1958. On March 24 the Assistant Attorney General entered his appearance. At the hearing the complainant Sutton, through counsel, moved "that the appearance of the Assistant Attorney General for the respondent be stricken." The hearing was thereupon adjourned until April 4, at which time the motion was denied. Transfer to this court of the complainant's exception to the order of dismissal was then proposed, but the trial proceeded to its conclusion and the respondent was found not guilty.

Since the course of the trial terminated the possibility that effective relief could be given to the moving party in this court, ordinarily the exception would be overruled because the issue is moot. *Hazen* v. *Concord Railroad,* 63 N. H. 390. However, the question presented by the exception in this case is of importance to law enforcement officers of the state, to the Attorney General and other prosecuting attorneys, and more broadly to the proper administration of justice.

The question of mootness "is not subject to rigid rules but 'seems rather, to be regarded as one of convenience and discretion.'" *Hood & Sons* v. *Boucher,* 98 N. H. 399, 401. A decision upon the merits may be thought justified where there is a pressing public interest involved (*Id.*), or future litigation may be avoided. *Sargent* v. *Little,* 72 N. H. 555, 557; *Stocker* v. *Railroad,* 83 N. H. 401, 407. See also, *Lloyd* v. *Supervisors of Elections,* 206 Md. 36, 42-43; 53 Harv. L. Rev. 628, 630. This is especially so where it is apparent that no relief could be granted were the question clearly pending. See *Sanborn Seminary* v. *Newton,* 73 N. H. 109; *Stone* v. *Johnson,* 89 N. H. 329. We therefore consider the issue presented.

The powers of the Attorney General are broad and numerous. Some grow out of the common law, and many are specified by statute. He is specifically charged with enforcement of the criminal laws of the state, and with supervision of criminal causes pending

before the Supreme and Superior Courts. RSA 7:6. His authority to enter a *nolle prosequi* in pending actions is not doubtful. *State v. Gratta*, 101 N. H. 87, 88. He is charged with representing the State in all causes in this court "in which the state is interested." RSA 7:6, *supra*. These specific statutory duties in no way detract from his powers and duties at common law. *Fletcher v. County*, 71 N. H. 96, 102.

There appears to be no question of his authority and duty to represent officials of the state in civil actions against them arising out of the performance of their official duties. See *Mundy v. McDonald*, 216 Mich. 444; *Swanson v. Willis*, 114 F. Supp. 434 (D. Alaska 1953), *aff'd* 220 F. 2d 440 (9th Cir. 1955). Because of the Attorney General's power to *nol-pros* criminal actions, instances of his appearance in defense of officials charged with criminal offenses are not readily found in the appellate reports. But *cf, Lilly v. West Virginia*, 29 F. 2d 61, *supra* (4th Cir. 1928); *In re Neagle*, 135 U. S. 1; *People of Puerto Rico v. Fitzpatrick*, 140 F. Supp. 398 (D. P. R. 1956). Where the Attorney General has concluded in his discretion that exoneration of an official by public trial rather than by an entry of *nolle prosequi* is in the public interest, there can be no reason to question his authority to appear for the official. See *Dickinson v. Hot Mixed Bituminous Industry of Ohio*, (Ohio App.) 58 N. E. (2d) 78, 86. See also, *Winn v. Jordan*, 101 N. H. 65, 68.

The Attorney General in this case did not undertake to represent private interests which conflicted with those of the State (*cf. In re Ridgely*, 48 Del. 464), but rather, in the exercise of his discretion, entered an appearance to represent one of two conflicting public interests. The State is interested that its laws shall be enforced against offenders, even if they are officers of the law. But it is likewise interested that its officers shall not mistakenly be held to have violated the laws, when it reasonably appears that they have not.

The prosecution in this case was privately instituted and privately conducted. See *State v. Gratta*, 101 N. H. 87, *supra*. By appearing for the respondent, the Assistant Attorney General represented the interests of the State. In this no impropriety was involved, and the complainant's motion was properly denied.

*Exception overruled.*

All concurred.