Original,
No. 4758.

STATE *ex rel* BROWN *v.* KNOWLTON.

Argued June 3, 1959.

Decided July 10, 1959.

222

*Stanley M. Brown,* pro se and *Nighswander, Lord & Bownes* (*Mr. Brown* and *Mr. Bownes* orally), for the petitioner.

*Louis C. Wyman,* Attorney General (by brief and orally), for the State and the defendant.

WHEELER, J. RSA 490:4 provides: "The supreme court shall have general superintendence of all courts of inferior jurisdiction to prevent and correct errors and abuses . . . may issue writs of certiorari, prohibition, habeas corpus, and all other writs and processes to other courts . . . and shall do and perform all the

duties reasonably requisite and necessary to be done by a court of . . . general superintendence of inferior courts."

The superintending control over inferior courts by this court is comprehensive. See *Boody* v. *Watson,* 64 N. H. 162. The record warrants the assumption of jurisdiction.

The comments of the justice of the Belmont municipal court concerning Brown at the close of the State's evidence were sufficient to disqualify him. Whether his views concerning the petitioner were preconceived or formulated on the basis of the evidence and expressed at a time when the court assumed the evidence was closed is not revealed by the record. Giving the municipal court the benefit of the doubt, and because the petitioner on his appeal from that judgment is entitled to a trial *de novo* in Superior Court, his prayer for relief to vacate the judgment in Belmont municipal court is denied. Certiorari will not be granted where an adequate remedy is available on appeal. *Wiseman* v. *Manchester,* 96 N. H. 50.

We have decided that the authority of the Attorney General to enter a *nolle prosequi* is clear and where "the Attorney General has concluded in his discretion that exoneration of an official by public trial rather than by an entry of a *nolle prosequi* is in the public interest, there can be no reason to question his authority to appear for the official." *State* v. *Swift,* 101 N. H. 340, 343.

However, the facts in this case differ from those in *Swift* in that here the Attorney General elected to assume the role of prosecutor and defense counsel simultaneously. Having in his discretion elected to appear for the defendant Knowlton, the Attorney General might not thereafter appear for the State as the opposing party, or undertake to represent its adverse interests. See *Hines* v. *Donovan,* 101 N. H. 239, 244. It follows that he disqualified himself to exercise his power to *nol pros* the action, and the entry of *nol pros* should be stricken from the docket. *People* v. *Newcomer,* 284 Ill. 315.

Petitioner Brown followed "the not uncommon practice here of instituting a private prosecution for assault." *State* v. *Gratta,* 101 N. H. 87. The evidence submitted in the form of depositions of two potential witnesses indicates the petitioner had at least probable cause to institute the complaints against Knowlton. We are of the view that he should not be denied the right to pursue these to final judgment. *State* v. *Tufts,* 56 N. H. 137.

State's counsel in these proceedings undertook to represent the

defendant Knowlton and the prosecution. By so doing he abandoned the role of prosecutor and with it, the powers inherent in the office.

Certiorari is granted as to the cases in the Laconia municipal court and it is therefore ordered that the *nolle prosequi* entered in the actions of State, by Stanley M. Brown v. Knowlton be stricken and the cases restored to the docket for trial in the Laconia municipal court. Other prayers of the petition for relief are denied.

*So ordered.*

All concurred.