Original,
No. 6132.

BOKOWSKY *v.* STATE *& a.*

February 26, 1971.

Southern N. H. Legal Services Assn., Inc. by *Gerald D. Mc-Gonigle* and *Helen White* for Bette Bokowsky.

*Warren B. Rudman,* Attorney General, pro se and *W. Michael Dunn,* Assistant Attorney General.

*Louis M. Janelle* for Vincent Cadieux.

PER CURIAM. Petition for a writ of certiorari filed as an original petition in this court under the provisions of RSA 490:4.

Bette Bokowsky complains against Warren B. Rudman, Attorney General, Thomas B. Wingate, Assistant Attorney General, James A. Connor, County Attorney, and Vincent Cadieux, and prays that a nolle prosequi entered in superior court on a burglary indictment returned against Cadieux be stricken from the record and the case remanded for trial. The defendants moved for dismissal of the petition.

Bette Bokowsky was a tenant in a building in Nashua owned by Cadieux. She filed a private complaint charging that Cadieux at some time between 11 a.m. and 2 p.m. on December 6, 1969 entered the second floor apartment rented to her with intent to commit larceny and "feloniously did steal, take and carry away" items of the total value of $591. RSA 583-A:2. After hearing in the Nashua District Court probable cause was found and Cadieux was bound over to the superior court. On January 6, 1970, the grand jury returned a burglary indictment. Trial thereon was set for May 13, 1970 at which time a nolle prosequi was entered by Thomas B. Wingate, Assistant Attorney General.

Plaintiff complains that she was not notified of the impending trial until the previous day; that she was not interviewed by the office of the Attorney General; that police officers who testified at the probable cause hearing and whose testimony would have been material at the trial were not summoned as witnesses; that her attorney was out of the country at the time; and that there is sufficient evidence to warrant a prosecution for burglary.

A statement of Thomas B. Wingate, the Assistant Attorney General assigned to the case, was filed as part of an answer and motion for dismissal. He states therein, in part, that he read and studied the transcript of the probable cause hearing and the reports of the Nashua Police Department; that he conferred at length with the officers involved and learned that they did not initiate prosecution due to their belief that no crime had been committed; that he made a determination that all of the elements of burglary could not be proved by the State. As a result he entered a nolle prosequi.

"The powers of the Attorney General are broad and numerous. Some grow out of the common law, and many are specified by statute. He is specifically charged with enforcement of the criminal laws of the state, and supervision of criminal causes pending before the Supreme and Superior Courts. RSA 7:6."

*State* v. *Swift,* 101 N.H. 340, 342-43, 143 A.2d 114, 116 ( 1958 ). His authority to enter a nolle prosequi is clear. *State* v. *Knowlton,* 102 N.H. 221, 223, 152 A.2d 624, 625 ( 1959 ); *Wyman* v. *Danais,* 101 N.H. 487, 147 A.2d 116 ( 1958 ). This authority is not limited to prosecutions initiated by public officials but extends also to those originated by a private person. *State* v. *Gratta,* 101 N.H. 87, 133 A.2d 482 ( 1957 ). Reasons therefor are, among others, that "[t]he complainant is liable to limit his view of the matter to its effect upon himself and his particular interests, and to lose sight of the rights of the respondent; the state regards the rights of the respondent as well as those of the complainant, and in addition thereto the rights of the public." *Fletcher* v. *County,* 71 N.H. 96, 102, 51 A. 271, 273 ( 1901 ).

The prosecutor may enter a nolle prosequi for various reasons "all which, he must determine, being controlled by well settled principles of law, and practice, and, a sound, legal discretion." *State* v. *Smith,* 49 N.H. 155, 157 ( 1870 ). One reason for his action can be "that the evidence will not sustain the charge as alleged . . . ." *Id.*

It would serve no useful purpose to detail the evidence at the probable cause hearing or the contents of the various reports made by officers of the Nashua Police Department, all of which this court has examined. Suffice to say that they do not show that the action of the Assistant Attorney General in entering a nolle prosequi was capricious or motivated by any improper motive. *See District of Columbia* v. *Dixon,* 230 A.2d 481, 482 ( D.C. Ct. App. 1967 ); *United States* v. *Foster,* 226 A.2d 164, 166 ( D.C. Ct. App. 1967 ).

*Petition denied.*