Request of House of Representatives
No. 7786

OPINION OF THE JUSTICES

May 19, 1977

The following resolution was adopted by the house of representatives on May 3, 1977, and filed with the supreme court on May 5, 1977:

"Whereas, the House of Representatives has under consideration House Bill 1136, An Act relative to the New Hampshire-Maine boundary dispute, which purports to declare the intention of New Hampshire General Court in resolving the marine dispute between New Hampshire and Maine; and

"Whereas, section 2 of the bill declares that the agreement made by the then attorney general, deputy attorney and special counsel for New Hampshire that resulted in a consent decree issued by the United States Supreme Court is null and void; and

"Whereas, a question has arisen as to the constitutionality of House Bill 1136; now, therefore, be it

"Resolved by the House of Representatives:

"That the Justices of the Supreme Court are respectfully requested to give their opinion and answer the following question:

"Can a New Hampshire statute declaring that the lateral marine boundary between New Hampshire and Maine is or ought to be different from the boundary as specified in the decree of the Supreme Court of the United States in *New Hampshire v. Maine,* 48 L. Ed. 2d 701 (1976) supersede or in any way affect the validity of that decree?

"Be It Further Resolved, that the clerk of the House of Representatives transmit seven copies of this resolution to the Justices of the Supreme Court along with copies of the bill."

The following answer was returned:

*To the House of Representatives:*

The undersigned justices of the supreme court return the following reply to the question presented in your resolution adopted on May 3, 1977, and filed in this court on May 5, 1977. The question reads as follows:

"Can a New Hampshire statute declaring that the lateral marine boundary between New Hampshire and Maine is or ought to be different from the boundary as specified in the decree of the Supreme Court of the United States in *New Hampshire v. Maine* [426 U.S. 363 (1976)] supersede or in any way affect the validity of that decree?"

House bill 1136 seeks to declare null and void a consent decree entered by the United States Supreme Court, *New Hampshire v. Maine,* 426 U.S. 363 (1976), which located the lateral marine boundary between Maine and New Hampshire. The bill asserts that the consent decree is "inimical to the interests of the people of New Hampshire" and violates article I, section 10, clause 3 of the United States Constitution which states that no state shall enter into an agreement or compact with another state without the consent of Congress.

In 1973, the legislature declared that it did not agree to and had never acquiesced in the boundary as shown on the 1956 U.S. Geological Survey Map. Laws 1973, ch. 58. It thereafter established a new commission, the function of which was to discuss and solve the problem with Maine officials. The enabling legislation stated that, if mutual agreement were reached between the state of New Hampshire and the state of Maine, it would bind New

Hampshire subject only to the consent of Congress. Laws 1973, 564:3. After extensive negotiations, no agreement was reached. At the request of the Governor, the attorney general filed an original action against Maine in the United States Supreme Court. The case was accepted by the court, *New Hampshire v. Maine,* 414 U.S. 810 (1973), which referred it to Mr. Justice Clark as Special Master. *New Hampshire v. Maine,* 414 U.S. 996 (1973). Negotiations by the attorneys general of the two states and their staffs resulted in a proposed consent decree which the Governor and Council of New Hampshire approved on June 26, 1974. The Governor and Council of Maine followed suit shortly thereafter.

The Supreme Court entered the decree holding, among other things, that the settlement was not an agreement or compact within the meaning of article I, section 10, clause 3 of the Federal Constitution. The Court reasoned that the two states were not adjusting the boundary between them but merely locating precisely the boundary that was fixed somewhat ambiguously in a 1740 decree issued by King George II. 2 Laws of New Hampshire 790, 793 (1913).

■ To the extent that House bill 1136 seeks to deny the binding character of the Supreme Court decision it is inconsistent with our own statute, RSA 1:15 (Supp. 1975) (inserted by Laws 1973, ch. 580). That statute declares a certain line to be the boundary between Maine and New Hampshire "until otherwise established by law, interstate compact or *judgment of the supreme court of the United States.*" (Emphasis added.)

■ The legislature cannot claim that it did not approve the actual litigation since it specifically appropriated funds to pay for it. Laws 1973, 376:14. Nor can it take the position that the actions of the attorney general and his assistants were unauthorized. *St. Regis Co. v. Board,* 92 N.H. 164, 26 A.2d 832 (1942). In entering into a consent decree the attorney general was acting within the limits of his broad authority to manage the state's litigation and to make any disposition of a case which he deems is in the state's best interest. *Bokowsky v. State,* 111 N.H. 57, 274 A.2d 785 (1971); *State v. Swift,* 101 N.H. 340, 143 A.2d 114 (1958); *see State ex rel. Derryberry v. Kerr McGee Corp.,* 516 P.2d 813, 818 (Okla. 1973); Annot., 81 A.L.R. 124 (1932). Concurrent Resolution No. 4, which did not have the force of law and which was passed after the

attorney general had reached an agreement with Maine, did not make the attorney general's actions illegal or unauthorized.

■■ The Supreme Court's determination that the consent decree did not violate the "Compact Clause" may not, of course, be overruled by the New Hampshire Legislature. The Court's interpretation of the scope and meaning of the Federal Constitution is binding upon the states. *Cooper v. Aaron,* 358 U.S. 1 (1958). Very early in our country's development, Chief Justice Marshall recognized that our system of federalism and constitutional government cannot tolerate attempts by states to annul the judgments of the Supreme Court. *United States v. Peters,* 9 U.S. (5 Cranch) 115 (1809). One notable attempt by state officials to ignore or supersede a ruling of the Court was emphatically condemned by the Justices. *Cooper v. Aaron supra; see* G. Gunther, Cases and Materials on Constitutional Law 32–33 (1975). The proposed legislation is, in our opinion, inconsistent with the basic principles of federalism and of constitutional law. As the consent decree states "the State of New Hampshire, its officers, agents and representatives, its citizens and all other persons are perpetually enjoined from disputing the sovereignty, jurisdiction and dominion of Maine over the territory adjudged to her by this decree." Motion for Entry of Judgment by Consent of Plaintiff and Defendant, *New Hampshire v. Maine,* No. 64, October Term, 1973, at 4.

The answer to the question is "No."

> FRANK R. KENISON
> EDWARD J. LAMPRON
> WILLIAM A. GRIMES
> MAURICE P. BOIS
> CHARLES G. DOUGLAS, III

Richard F. Upton, as amicus curiae, filed memorandum in support of negative answer.

David H. Souter, attorney general, filed memorandum in support of negative answer.