Board of Tax and Land Appeals
No. 85-143

## APPEAL OF LEO HOOD

### (New Hampshire Board of Tax and Land Appeals)

April 11, 1986

*Ellen L. Gordon*, New Hampshire Legal Assistance, of Manchester, by brief for the plaintiff.

## MEMORANDUM OPINION

This case is an appeal from decisions of the New Hampshire Board of Tax and Land Appeals, holding that the plaintiff was not entitled to the elderly property tax exemption, RSA 72:43-b (Supp. 1985), for the tax year 1983 because his sixty-fifth birthday occurred after April 1, 1983. We affirm.

The plaintiff is a sixty-six-year-old man, who has owned and resided on property in the town of Canaan since 1975. In the tax year 1983, the plaintiff's income was less than $4000, and his home is his only asset. He turned sixty-five on September 4, 1983.

On April 11, 1983, the plaintiff applied to the selectmen of the town of Canaan for a property tax exemption. RSA 72:43-a through 43-c (Supp. 1985). The selectmen never issued a decision, and the plaintiff was first apprised of the denial of his application when he received his full 1983 tax bill in November 1983. He appealed to the State Board of Tax and Land Appeals (the board). After a hearing on January 29, 1985, the board upheld the denial on the basis that eligibility for tax exemptions is determined as of April 1 of the tax year, and that the plaintiff was not yet sixty-five years old on April 1, 1983. The plaintiff's motion for rehearing was denied.

The plaintiff contends that the board erred as a matter of law in holding that, to be eligible for an elderly property tax exemption as to a tax year, a person must be sixty-five years old as of April 1 of that year. He argues that a person only needs to be sixty-five at some time within the tax year for which an exemption is claimed. We disagree.

■■ "In any case involving the interpretation of a statute, the starting point must be the language of the statute itself." *State Employees' Ass'n of N.H. v. Bd. of Trustees*, 120 N.H. 272, 273, 415 A.2d 665, 666 (1980). RSA 74:1 states: "The selectmen of each town shall annually, in April, make a list of all the polls and take an inventory of all the estate liable to be taxed in such town on the first day of that month." We have held that the statute requires assessment of real estate taxes as of April 1 of each year, and the tax year begins on that date. *Gilford v. State Tax Commission*, 108 N.H. 167, 169, 229 A.2d 691, 693 (1967). Nothing in the statute suggests that the legislature intended to establish a different date to determine eligibility for the elderly property tax exemptions.

■ The plaintiff turned sixty-five on September 4, 1983, and thus is not entitled to the elderly property tax exemption for the 1983 tax year. The order of the board of tax and land appeals, therefore, is affirmed.

*Affirmed.*