Plymouth District Court
No. 86-393

### THE STATE OF NEW HAMPSHIRE
### (JOSEPH S. HAAS, JR., COMPLAINANT)

v.

### JAMES H. ROLLINS & a.

August 19, 1987

*Joseph Sanders Haas, Jr.*, of Ashland, orally, *pro se*, and as complainant.

*John J. McCormack*, of Ashland, for the defendants, filed no brief.

*Stephen E. Merrill*, attorney general (*David S. Peck*, assistant attorney general, on the brief and orally), for the State, as *amicus curiae*.

SOUTER, J. The complainant in four privately instituted criminal actions, Joseph S. Haas, Jr., argues that the doctrine of absolute prosecutorial immunity should bar enforcement of an order entered against him by the Plymouth District Court (*Kelly*, J.), requiring him to pay attorney's fees to the successful defendants. We affirm.

■ The common law of this State does not preclude the institution and prosecution of certain criminal complaints by private citizens, *see, e.g., State v. Knowlton*, 102 N.H. 221, 152 A.2d 624 (1959); *Waldron v. Tuttle*, 4 N.H. 149 (1827), although any such prosecution is subject to the authority of the attorney general or the appropriate county attorney to enter *nolle prosequi. State v. Gratta*, 101 N.H. 87, 88, 133 A.2d 482, 482 (1957); *cf. State v. Knowlton, supra* at 224, 152 A.2d at 626 (State's counsel who appears to defend abandons power to nol pros). The complainant availed himself of the opportunity to prosecute, by entering criminal complaints in the district court against the Town of Ashland and three individuals. The complaints are not before us, and no claim is raised that they fell outside the class of criminal actions that may be prosecuted by a citizen without authorization from a prosecuting authority. *See State v. Gerry*, 68 N.H. 495, 497, 38 A. 272, 273–74 (1896).

After hearing, the district court granted the defendants' motions to dismiss. Citing *Harkeem v. Adams*, 117 N.H. 687, 377 A.2d 617 (1977), the court ordered the complainant to pay the defendants' counsel fees, based on the express finding that the complainant had acted out of vindictiveness and spite in bringing frivolous complaints for the purpose of harassment. *See also Indian Head National Bank v. Corey*, 129 N.H. 83, 523 A.2d 70 (1986). The district court subsequently set the award of fees at $840, from

which the complainant has appealed on the ground that his status as prosecutor should entitle him to absolute immunity from such liability.

Although this court has not had occasion to consider the doctrine of prosecutorial immunity from which the complainant seeks to benefit, it may be assumed that in the appropriate case we would follow the majority rule that an appointed or elected prosecutor is absolutely immune from liability arising from the institution of a criminal action and the presentation of the State's evidence. *See Imbler v. Pachtman*, 424 U.S. 409, 421, 424, 428–29 (1976); RESTATEMENT (SECOND) OF TORTS § 656. *But see Imbler, supra* at 441 (White, J., concurring) (prosecutor should not enjoy immunity from liability for suppressing exculpatory evidence contra *Brady v. Maryland*, 373 U.S. 83 (1963)). There would, however, be no reason in policy to include the complainant within the protected class, and good reason in prior authority to subject him to the liability that the district court has imposed.

█ It is generally understood today that the doctrine of prosecutorial immunity strikes a balance between the competing evils of leaving the wrongly prosecuted defendant without legal recourse, and subjecting the conscientious prosecutor to the constant threat of liability in the aftermath of every acquittal. *See Gregoire v. Biddle*, 177 F.2d 579, 581 (2d Cir. 1949) (L. Hand, C.J.), *cert. denied*, 339 U.S. 949 (1950). The general rule recognizes that prosecutors, like judges and grand jurors, are called upon to make discretionary decisions after evaluations of evidence that will be subject to honest dispute in close cases. *See Imbler, supra* at 422–23. We could not realistically expect courage and impartiality from such a public officer if his initiative were always subject to the threat of a damage action. *See Imbler, supra* at 423–24. It is thus the officer's duty to the public that calls for recognizing immunity, without which it would be unreasonable to expect anyone to assume the risks that would follow from prosecuting for the public benefit. This is likewise the rationale for providing a degree of immunity to members of regulatory commissions and committees of inquiry invested by statute or court rule with obligations in the public interest. *See Werle v. Rhode Island Bar Ass'n*, 755 F.2d 195, 199 (1st Cir. 1985).

It is difficult, however, to think of a consideration of policy less applicable to the complainant's circumstances. He has no duty to the public and has shown no responsibility to the judicial system. The findings of the trial judge in the instant case are an echo to the remarks of Chief Justice Richardson a century and a half ago:

"[Private prosecutions] are often commenced in very doubtful cases and for the most trivial offences and are not unfrequently found to originate in private quarrels and to be carried on to vex and harrass [sic] an opponent. In many cases the public derives no benefit from them that can justify the expense and in some cases they are pursued in a spirit that renders them injurious to the public morals."

*Waldron v. Tuttle*, 4 N.H. at 151. This language is a far cry from any justification for clothing the private criminal complainant with absolute immunity.

■■ Existing authority, moreover, confirms the district court's view of the law. This jurisdiction recognizes the tort of malicious prosecution, which may be the subject of an action for damages when a plaintiff has been "subjected to a criminal prosecution instituted by the defendant without probable cause and with malice, [terminating in the plaintiff's] favor." *Robinson v. Fimbel Door Co.*, 113 N.H. 348, 350, 306 A.2d 768, 769 (1973). Since this rule of liability is generally understood to have no application "to public officials charged with the enforcement of the criminal law in the performance of their public duty," RESTATEMENT (SECOND) OF TORTS § 653, comment *e* at 408 (1977), it is difficult to see what would be left of the cause of action if the complainant were to have absolute immunity. *See Robinson v. Fimbel Door Co., supra* at 352, 306 A.2d at 771.

■ In any event, it would be anomalous to declare him immune from an award of counsel fees upon the unsuccessful termination of the prosecution, even though he would be subject to liability for such fees as an element of damages in a separate action for malicious prosecution. *See* RESTATEMENT (SECOND) OF TORTS § 671, comment *c* at 445. Accordingly, we reject the complainant's claim to absolute immunity as a private prosecutor.

The remaining points raised by the complainant must receive only brief mention. He seeks to challenge the adequacy of the evidence to support the award, but he has supplied no transcript on which we could consider such a claim. *Koziell v. Fairbanks*, 115 N.H. 679, 681, 348 A.2d 358, 359 (1975). And although he questions the adequacy of notice to him that the defendants demanded counsel fees, he fails to indicate whether and how the issue was raised below. *See Sklar Realty v. Town of Merrimack*, 125 N.H. 321, 328, 480 A.2d 149, 153 (1984). It appears, in any case, that the

defendants served him with the request for fees as part of their motion to dismiss.

Because we sustain the trial court's award of attorney's fees, we would normally look with some favor on the defendants' request for costs and fees incurred in this appeal. *See* RSA 490:14-a; SUP. CT. R. 23; *Indian Head*, 129 N.H. at 89, 523 A.2d at 73. As the caption indicates, however, the defendants filed no brief and presented no argument, their position having been supported in this court by the attorney general. We therefore see no occasion to consider any further award.

*Affirmed.*

JOHNSON, J., did not sit; the others concurred.