Strafford County Probate Court
No. 88-244

## *In re* TRUST u/w/o ELMER C. SMITH

December 30, 1988

*Stephen E. Merrill,* attorney general (*William B. Cullimore,* Director of Charitable Trusts, on the brief), by brief for the Intervenor, the Director of Charitable Trusts.

*Cooper, Hall, Whittum & Shillaber P.C.,* of Rochester, for Richard Hersam and Elaine Stimpson, Trustees of Trust Funds for the Town of New Durham, filed no brief.

JOHNSON, J. This is an appeal from the ruling of the Strafford County Probate Court (*Cassevechia,* J.) that two trusts established under the will of Elmer C. Smith, both of which were to be administered by the "Trustees of Trust Funds for the Town of New Durham," were testamentary trusts to be administered pursuant to RSA 564:1. The court therefore required the individuals acting as town trustees to be appointed by the probate court, and to post bonds and account to the probate court, consistent with RSA 564:1. We reverse and remand.

Elmer C. Smith created two trusts, by virtue of his will drawn on January 25, 1985, for the benefit of the children of New Durham. After his death, his will was approved and allowed in common form

on December 10, 1985. The first of the trusts established by Mr. Smith's will (the Smitty's Garden Trust) was funded by a bequest of the unpaid balance from the installment sale of his business. The bequest was "to the Trustees of Trust Funds for the Town of New Durham," in trust for the purpose of using "the income for a recreation program for the children of New Durham." The second trust (the Scholarship Trust) was funded by a bequest of the residue of his estate, after specific bequests, "to the Trustees of Trust Funds for the Town of New Durham," in trust for the purpose of using the income "toward scholarships for the children of New Durham to attend college, vocational schools or any practical institution of higher learning beyond high school." The will stated that this second trust was "to be administered by the Trustees of Town Funds for the Town plus the lone member from New Durham to the Governor Wentworth Regional High School (the school board member is to be a consultant, not a Trustee of the Fund)."

The executor inquired whether the probate court would apply the appointment and other requirements of RSA 564:1 to these testamentary trusts. The probate court, by an order dated December 11, 1986, held that the trusts were governed by RSA 564:1, and that the testator did not intend direct charitable bequests to the "Town of New Durham, *per se,* or to the trustees of the trust funds as a consequence of their mere incumbency as such." In support of this conclusion, the court stated that the language of the will, with respect to the nomination of the trustee, "is interpreted as *descriptio personae,* for general purposes of identification only," and that "[t]he effect of the nomination was to nominate the individuals who serve as the trustees of the trusts funds for the Town of New Durham by their proper names."

Following this order, the director of charitable trusts intervened and a hearing was held. On May 27, 1988, the court reaffirmed its original order. It noted that the testator's intent to have the trustees presently in office serve as trustees in their individual capacities could be ascertained from the provision that the trustees were granted powers pursuant to RSA chapter 564-A, by the provisions dictating how assets were to be managed, by the provision in the Smitty's Garden Trust that it be "created" only if installment payments from the sale of the business remained due at his death, and by the provision for the high school board member to assist in the administration of the Scholarship Trust as noted above. The intervenors appealed. We disagree with the probate court's interpretation of Elmer C. Smith's intention.

■■ The determination of the ultimate fact of the intent of the testator rests with this court. *Sylvester v. Newhall,* 97 N.H. 267, 272, 85 A.2d 378, 382 (1952). The term "trustees of trust funds" is found throughout RSA 31:19 through :38. Hence, a bequest to the trustees of trust funds, given the plain meaning of those words, is to those persons who have been duly elected by the town to serve in that position, in their official capacities. *See* RSA 31:22. In searching for the proper interpretation of words used in a written instrument, we require that the words and phrases be given their common meaning. *Murphy v. Doll-Mar, Inc.,* 120 N.H. 610, 611–12, 419 A.2d 1106, 1108 (1980). We note that trustees of trust funds are bonded, as are all town officers, RSA 41:6, I (Supp. 1988), and that their accounts are audited annually. RSA 31:33 (Supp. 1987).

In this case, the director of charitable trusts offered written evidence, which was unrebutted, from the executor of the testator's will, Carleton Woods, that Mr. Smith had served as a selectman and planning board member, and had held other town offices, and that he was familiar with the duties of the trustees of trust funds. Further, Mr. Smith discussed his charitable bequests with Mr. Woods, and he never suggested that he desired the individuals then in office as trustees of trust funds to serve as trustees in their individual capacities; rather, he indicated that the persons elected trustees of trust funds were to have custody of the two trust funds at issue here. The written and unrebutted testimony of the attorney who drafted the will essentially confirmed Woods' testimony.

The current two trustees of trust funds, whose testimony was received in written form and was unrebutted, stated that although they knew Mr. Smith, he did not discuss the two trusts at issue here with them and that he did not ask them to be trustees of the two trusts. The court further found that "the phrase, 'Trustees of Trust Funds,' is commonly used to designate or refer to the board of trustees established by RSA 31:22." The court found Mr. Smith "was familiar . . . with the Board of Trustees of Trust Funds in New Durham their function, duties and powers" and that "Elmer C. Smith did not suggest to either his attorney, his executor or to Mr. Hersam and Mrs. Stimpson [the trustees of trust funds] themselves that he wished them to serve as trustees."

■■ Given these findings of fact, and the plain meaning of the will of Elmer C. Smith, we conclude that it was his intent to name the incumbent trustees of trust funds, and their successors, in their official capacities, as the trustees of the trusts in question and not to name these persons individually as trustees. We find that the testator's reference to RSA chapter 564-A was solely for the

purpose of defining more precisely the powers of the trustees. This reference was not an indication that he wanted the individuals, who held the position of trustee of trust funds, to hold these funds in their individual capacities. It should be noted that there was a third trust, "the Berry Family Trust," to which this reference to RSA chapter 564-A was particularly appropriate. Hence, the court's order that the trustees be appointed by the probate court, post bonds, and account to the probate court was error. Accordingly, we remand to the probate court with instructions to vacate the appointment of Richard Hersam and Elaine Stimpson, to discharge their bond, and to discharge them from any further duty to account to the court.

*Reversed and remanded.*

All concurred.