Hillsborough
No. 88-429

JUNIOR ACHIEVEMENT OF GREATER NASHUA, INC.

v.

UNITED WAY OF GREATER NASHUA, INC. *& a.*

August 30, 1989

*John P. Arnold,* attorney general (*William B. Cullimore,* Director of Charitable Trusts, on the brief and orally), for the State.

*Gottesman and Hollis P.A.,* of Nashua, for United Way of Greater Nashua, Inc., filed no brief.

### MEMORANDUM OPINION

PER CURIAM. The director of charitable trusts appeals from an order of the Superior Court (*Murphy,* J.) denying his motion for clarification of an order which instructed Junior Achievement of Greater Nashua, Inc. to turn over its assets to United Way of Greater Nashua, Inc., without imposing restrictions on the use of the assets by the organization.

Junior Achievement of Greater Nashua, Inc. (Junior Achievement) was incorporated in New Hampshire under RSA chapter 292 in June 1965. Its Articles of Agreement stated that the purposes for which the corporation was established were:

"to encourage, promote, supervise and develop, on a nonprofit basis, an educational program designed to give youths between the ages of 15 and 19 years experience in industry and business by making it possible for them to learn by doing; to provide these boys and girls, regardless of race, color or creed, with an opportunity to learn a craft, the art of buying and selling, the procedures of accounting, as well as human relations problems faced by both employee and employer; and to instill in these young participants a degree of responsibility for the successful functioning of American business and government during the years in which they will administer."

In 1977, Junior Achievement was dissolved by the State of New Hampshire. In February 1988, Junior Achievement filed a petition in the superior court requesting instructions by which it could distribute its net assets. Article III of Junior Achievement's Articles of Agreement contained a dissolution provision which stated:

"If, at any time, this corporation shall be dissolved, all assets and property heretofore or hereafter transferred or held by it, shall be distributed to Nashua Regional Chapter of the Citizens Scholarship Foundation, Inc., a New Hampshire corporation having a place of business in said Nashua, or if such corporation shall then be dissolved, then to the Community Chest of Nashua and Hudson, [a] New Hampshire, corporation having a place of business in said Nashua...."

On July 8, 1988, United Way of Greater Nashua, Inc. (United Way), the successor in interest of Community Chest of Nashua and Hudson (Community Chest), filed a motion for summary judgment which requested that the assets of Junior Achievement be paid over to it. Because there were no objections to its motion, United Way filed a proposed order. The director of charitable trusts, however, objected to this order, arguing that it erroneously failed to restrict the use of the assets by United Way to those purposes for which Junior Achievement was established.

On August 16, 1988, the superior court granted United Way's motion for summary judgment and instructed Junior Achievement to pay over its assets to United Way. Because the order did not impose any restrictions on the use of the assets by United Way, the director of charitable trusts filed a motion for clarification. By order dated October 3, 1988, the court held that it would not place

restrictions on the use of the assets by United Way since the provision in Junior Achievement's articles concerning dissolution did not contain language restricting the use of the assets by the successor organization. This appeal followed.

The issue before us is a novel one. United Way has seen fit neither to brief nor to argue the issue. On previous occasions we have decided cases on the merits where the appellee filed no brief. *See Petition of Contoocook Valley Paper Co.*, 129 N.H. 528, 529 A.2d 1388 (1987); *In re Trust u/w/o Smith*, 131 N.H. 396, 553 A.2d 323 (1988). We have also previously found for an appellee who filed no brief, *see Appeal of Hood*, 127 N.H. 824, 508 A.2d 1075 (1986), and for an appellee who chose not to file a brief, but relied on an *amicus curiae* brief filed by the State supporting his position, *see State (Haas Complainant) v. Rollins*, 129 N.H. 684, 688, 533 A.2d 331, 333 (1987).

We distinguish these cases from the case before us on the basis that the issue we are now asked to decide is unique, novel, and deserving of full briefing and argument. Thus, it is within our discretionary powers to hold that United Way's failure to brief and argue this case renders it proper that the case be reversed and remanded as requested by the director of charitable trusts. *See First Capitol Mtg. v. Talandis Constr.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976); *see generally* 5 C.J.S. *Appeal & Error* § 1314(b) (1958). However, because we have not exercised this discretion previously, it is ordered that United Way either file a brief within sixty days and be prepared to present oral argument, or be treated as in default, in which case the director of charitable trust's prayer will be granted.

*So ordered.*