## JOB C. WALDRON *versus* JOHN TUTTLE.

Where an individual delivered to a constable a warrant in the name of the
state requiring him to arrest an individual and promised to pay the con-
stable for the service of the process, it was held that an action might
be maintained on such promise although there is no statute which pre-
scribes the fees to be taken by a constable for such services.

THIS was a writ of error brought to reverse a judgment
of the court of common pleas in this county.

It appeared by the record of the proceedings in the
court below that Waldron brought an action of assumpsit
against Tuttle founded on an account annexed to the
writ for $3, being the fees of Waldron for the service of
a warrant in the name of the state against one James Had-
ley, and that the cause was tried upon the general issue.
The plaintiff in support of this issue on his part produced
his book of accounts, in which a charge for the said ser-
vice was duly made against the defendant and offered to
verify the same by his oath. He also produced James
Hadley, who testified that the said Tuttle came to his
house late in the evening in company with said Waldron
and sent for Hadley to come to the door ; that when he
came to the door, Tuttle ordered Waldron to arrest him
the witness and put him under keepers, which the said
Waldron then did. It also appeared that said warrant
was duly served and returned by said Waldron and that
the same was issued by a justice of the peace upon the
complaint on oath of the said Tuttle against Hadley for
an assault and battery. It also appeared that the said
Waldron was a constable duly qualified. The court of
common pleas instructed the jury that it was immaterial
whether the said Tuttle did or did not employ the plain-
tiff to serve said warrant or whether he did or did not
undertake to pay him therefor ; that in either case the
plaintiff was not entitled to recover payment for the said
service as the statute had made no provision for any

compensation, to the constable for such services and that any promise whatever to pay for such services would be void being without consideration.   The jury having returned a verdict for the defendant a bill of exceptions to the directions of the court to the jury was filed and allowed and this writ of error brought.

*J. Bartlett*, for the plaintiff in error.

*Christie*, for the defendant.

The opinion of the court was delivered by RICHARD-SON, C. J.

The jury were instructed in this case in substance that a constable who at the request of an individual serves a warrant issued in the name of the state upon the complaint of such individual has no remedy to recover any fees for his services against the preson so employing him even upon an express promise of such person to pay. And the question is whether this instruction to the jury was correct and legal ?

It is well settled that when a public agent acts in the line of his official duty, his contracts are public and not personal.   But even such an agent when he undertakes specially to be personally responsible, is bound.   18 Johns. 122, *Olney* v. *Wickes* ; 1 Mass. Rep. 208, *Brown* v. *Austin* ; 12 Johns. 444, *Walker* v. *Swartwout*, and 12 Johns. 385, *Gill* v. *Brown* ; 1 Brown's Ch. Rep. 101, *Hersley* v. *Bell* ; 3 Caine's Rep. 69, *Sheffield* v. *Watson* ; 1 Cranch 345, *Hodgson* v. *Dexter* ; 1 D. & E., 172, *Macbeath* v. *Haldimand*, and 1 D. & E. 674, *Unwin* v. *Wolseley* ; 1 East. 135 and 579.

There is however no pretence that private individuals who procure warrants to be issued in the name of the state and to be executed by public officers are public agents, unless they act under the direction and with the advice of the attorney general, or a solicitor for some county, who are alone authorized to prosecute offenders at the public expense.   These public officers may pursue a prosecution commenced by an individual and carry it on at the expense of a county.   But nothing is ever paid in such

prosecutions unless they are sanctioned by some public prosecutor.

Sound policy requires perhaps that private individuals should have the power to prosecute in the name of the state. But every person, at all conversant with the subject will be satisfied that such prosecutions should not be pursued at the public expense until sanctioned by some proper officer of the government. They are often commenced in very doubtful cases and for the most trivial offences and are not unfrequently found to originate in private quarrels and to be carried on to vex and harrass an opponent. In many cases the public derives no benefit from them that can justify the expense and in some cases they are pursued in a spirit that renders them injurious to the public morals.

If prosecutions could be commenced and pursued at the public expense by individuals whenever they saw fit, the inevitable consequence would be that the county expenses would be greatly augmented, the worst species of litigation be encouraged, and the means which the law affords to bring offenders to justice be perverted to the worst purposes. We became so sensible of this, that some years since we adopted a rule not to allow any thing to be paid from the county treasury on account of such prosecutions, unless they had received the sanction of the attorney general, or a solicitor. And the beneficial effects of that rule are now visible in all the counties. When an individual in a proper case and with proper views, causes an offender to be prosecuted, the attorney general, or the solicitor for the county will adopt it and pursue it at the public expense. But if the prosecution be not thus adopted, it will not be pursued at the public expense, although in the name of the state, but will be considered as in its nature a private prosecution.

In the present case it does not appear that the prosecution against Hadley had the sanction of any proper officer of the government, it must therefore be considered

as prosecuted on Tuttle's own account, and he had no authority to employ the plaintiff in behalf of this state.

It is true that the warrant was issued by a justice of the peace ; but the justice who issued the warrant could not be of counsel for the state, or authorize any person to prosecute at the state's expense. In all these cases the prosecutor is answerable to the justice, to the sheriff or constable, to the witnesses and all other persons whom he employs, for their legal fees ; and they are not compelled to act without their fees. We are aware that the statute of February 8, 1791, enacts " that if any sheriff, deputy sheriff or constable, shall neglect to serve any precept issuing from lawful authority, directed unto such sheriff, &c. and delivered unto him to serve and execute, having, in all civil causes, tendered unto him his legal fees for serving and executing the same, every such sheriff, &c. shall forfeit and pay the sum of ten pounds." But these prosecutions, although pursued in the name of the state, being in their nature private prosecutions, the process cannot be considered as issuing from lawful authority, within the meaning of the statute, so as to compel the sheriff to act without his fees.

It only remains then to enquire whether the plaintiff could legally demand and receive fees for the service of the warrant. If he could not, the direction of the court below to the jury was correct.

The statute of December 23, 1820, enacts that the fees of constables " for service of writs, warrants and executions," shall be the same as the fees of sheriffs. But no provision is to be found in any statute of this state prescribing the fees of the sheriff for the service of a warrant ; and it seems to have been supposed, that, because no fees were particularly prescribed by the statute, none could be legally demanded or received. But this is clearly a misapprehension of the law.

The statute of December 23, 1820, prescribes certain fees for certain services therein enumerated, and makes

it penal to take any greater fees for any of those services than the statute allows. But the taking of fees for other services is not prohibited. And it has been repeatedly decided, that for services not mentioned in the statute, an officer may legally demand and receive a reasonable compensation. 1 N. H. Rep. 23, *Eastman* v. *Coos Bank* ; 2 N. H. Rep. 238, *Walker* v. *Ham.*

An allowance for such services is often made by this court. Thus the sheriff is allowed for the expense of removing and bringing prisoners into court to be tried, when we sit in a place where there is no gaol. So he is allowed for sending convicts to the state's prison, and in many other cases, where no fees are prescribed by statute.

And the law is the same in this respect in Massachusetts and in other places. 4 Mass. Rep. 411, *Boswell* v. *Dingley* ; 1 ditto 227, *Commonwealth* v. *Shed* ; 15 ditto 525, *Runnells* v. *Fletcher* ; 7 ditto 33 ; 10 ditto 210, *Dunlap* v. *Curtis* ; 1 Pick. 171, *Shattuck* v. *Woods* ; 17 Mass. Rep. 410, *Lincoln* v. *Shaw* ; 2 B. & A. 567 ; 12 Johns. 298 ; 9 ditto 328 ; 2 Cowen 407 and 421.

We are therefore of opinion that the judgment in this case must be reversed and that the cause stand for trial at the bar of this court.