## STATE v. ROBERTS.

The penalty for catching fish in the prohibited season may be recovered by indictment.

The indictment, if a public prosecution, may be at any time within two years after the date of the offence.

A person is liable for catching fish in the prohibited season from water, though within his own land, unless it be so enclosed as to prevent the free passage of the fish.

INDICTMENT, for catching four trout in the prohibited season from North pond in Stark. The respondent claimed that the proceeding should have been by action of debt for the penalty, and

not by indictment, and that the indictment, being within a year after the offence, was premature. The respondent owned the land around North pond, into which small streams run from other land, and the outlet from which runs into the Upper Ammonoosuc river. The pond was not screened or otherwise enclosed so as to prevent the free passage of fish to and from its waters. The respondent claimed that the fish caught by him were of a distinct species inhabiting the pond, and not accustomed to pass beyond its limits. Rowell, an old fisherman, was permitted, against the respondent's exception, to testify to catching trout above, below, and in a pond a few miles from North pond; that the trout in the pond were of the same description as those in North pond, and of the same species as those caught above and below the pond, but larger, and with red flesh, the smaller ones having white flesh. The court instructed the jury that if they found the trout were accustomed to pass to and from the pond, their verdict would be against, otherwise for, the respondent, and declined to instruct as requested, that unless the pond supplied trout for other streams, the verdict should be for the respondent. Verdict, guilty, and motion for a new trial.

*Ladd & Fletcher*, for the state.

*W. & H. Heywood*, for the respondent.

ALLEN, J. This indictment is found upon c. 55 of the Laws of 1872, which does not in terms prescribe the mode of recovering the penalty named for a violation of the law. The law was a substitute for ss. 7 and 14 of c. 251, Gen. St., extending the time within which the catching of trout was prohibited, and changing the penalty from ten dollars for each offence to ten dollars for each fish caught. By the laws of 1868, c. 1, s. 55, it was provided that all forfeitures incurred for a violation of the provisions of c. 251 of the Gen. St. which includes violations of the law against catching fish, might be recovered by complaint before a justice of the peace when within his jurisdiction, or by indictment or information. The law of 1872, prescribing no remedy for recovering the penalty, did not repeal the law of 1868 providing a remedy by indictment, and that form of remedy was a proper one in this case.

The indictment shows that the complainant is a fish warden, prosecuting for the penalty, and being brought within a year of the alleged offence, the prosecution was seasonably commenced. Gen. St., c. 248, s. 10. Had it been simply a public prosecution, with no claimant to the penalty, it would have been sufficient. The provisions of Gen. St., c. 248, s. 11, giving an indictment for a year after the limitation within which a private prosecutor might recover the penalty, if no one has proceeded to prosecute, fix the time of a public prosecution to harmonize with section 10 of the same chapter, which gives two years for a public prosecution, dur-

ing any part of which it may be maintained, provided no prosecution has been commenced by any person for a recovery of the penalty. *State* v. *Tappan*, 15 N. H. 91, 96; *State* v. *Robinson*, 29 N. H. 274; *State* v. *Hunkins*, 43 N. H. 557; *State* v. *Railroad*, 58 N. H. 182.

The testimony of Rowell as to the natural habits, comparative size and quality, of trout caught in another pond, and in the streams of water running into and out of the pond, was material on the question whether the trout in North pond were of the same species as those in the streams entering and flowing from it, and was properly admitted.

Whether North pond was a breeding-ground for trout and a source of supply of that fish for other streams, could not have been the controlling question in the case. Fish belong to the class of untamed, migratory animals. No one has any property in them until they are captured; and if, having been taken, they regain their liberty, the captor loses his property in them. 1 Bouv. L. Dic. 592, art. Fish; 2 Bl. Com. *410, *411. Subject to the right of the state to regulate the destruction or preservation of fish, their free passage, and the use of the water as a highway, the owner of the land upon unnavigable streams and inland bodies of water has therein the exclusive right of fishery. 3 Kent Com. 510, *418; *Vinton* v. *Welsh*, 9 Pick. 87. The right of the legislature to enact penal laws to prevent the undue destruction of fish does not depend upon the fact that any particular body of water does not furnish a supply of fish, but upon the fact that like other wild animals they are free, and the owner of the soil under the water containing them has not on that account any property in them. The fact that the defendant owned the land around North pond gave him no exclusive property in the four trout before they were caught, unless their natural freedom had been destroyed by falling under the absolute control of the riparian owner. If the trout were not the prolific source of other trout for connecting streams, their freedom of passage to and from and through the pond prevented the defendant, a riparian owner, from acquiring property in them against the right of the state to preserve them for the enjoyment of future anglers. The fact that the fish were in water surrounded by the defendant's land, unless the water was so enclosed as to be absolutely within his control, and the free passage of the fish to and from it was entirely and rightfully obstructed, gave him no more property in them than he would have obtained in a wild deer that came upon his land, or a wild bird that might have alighted upon it. If the fish had free passage to and from the pond, their capture out of season by the defendant was within the prohibition of the statute. The instructions requested by the defendant were properly refused.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.