Vincent GROVES, Petitioner,

v.

The DISTRICT COURT In and For the SEVENTEENTH JUDICIAL DISTRICT OF the STATE OF COLORADO, and the Honorable Thomas Ensor, one of the Judges Thereof, Respondents.

No. 90SA393.

Supreme Court of Colorado,
En Banc.

March 11, 1991.

David F. Vela, State Public Defender, Robert W. Pepin, Deputy State Public Defender, Brighton, for petitioner.

James F. Smith, Dist. Atty., Steven L. Bernard, Chief Trial Deputy, Brighton, for respondents.

Justice ERICKSON delivered the Opinion of the Court.

This case is an original proceeding under C.A.R. 21 to prohibit the trial court from ordering the public defender's office to prosecute a contempt citation against a witness who failed to appear during the first-degree murder trial of Vincent Groves. We issued a rule to show cause and stayed enforcement of the contempt citation. We now make the rule absolute.

Vincent Groves was charged with first-degree murder and was represented by counsel from the public defender's office. In preparation for trial, the public defender endorsed Sammy Garcia as a defense witness. The public defender's office had some contact with Garcia, but was concerned that he would not appear for trial, and requested the trial court to issue a subpoena. That request was granted, and Garcia was served but failed to appear at trial. Groves was convicted of first-degree murder, and that conviction is currently on appeal.

A bench warrant was issued for Garcia, and he was subsequently arrested. The district court cited Garcia for contempt, and appointed the public defender to prosecute the contempt citation. On the contempt hearing date, Garcia again failed to appear. The public defender objected to being appointed as prosecutor and requested that either a special prosecutor or the district attorney's office be appointed. The district attorney argued that members from the district attorney's office might be called as a witness in the prosecution, and that it was thus inappropriate for that office to prosecute the contempt citation.

The court denied the public defender's motion, stating that the public defender was only required to show that a proper subpoena had been issued and served, and that Garcia had failed to appear. The court made it clear that the public defender would not be required to suggest a punishment. The public defender continued to

object to the appointment, however, asserting that he did not have the authority to do anything other than represent indigent people charged with a criminal violation. The court rejected that argument.[1]

The public defender now brings this original proceeding seeking to prohibit the district court from appointing the public defender's office as the prosecutor in the contempt proceeding. The respondent's brief was filed by the district attorney's office.

■ Contempt, which does not occur in the presence of the court, is either criminal or civil, depending on the purpose and character of the sanctions sought to be imposed in the citation. C.R.C.P. 107; *People v. Razatos*, 699 P.2d 970, 974 (Colo.1985).

The public defender contends that the district attorney is normally the proper party to prosecute a criminal contempt, and cites *Harthun v. District Court*, 178 Colo. 118, 495 P.2d 539 (1972), as authority. In *Harthun*, we reversed a criminal contempt judgment because there was no finding of willful intent to inconvenience or delay the court. *Id.* at 122–23, 495 P.2d at 541. To give the trial court guidance in a new contempt proceeding, we said that it was inappropriate for the judge to be both the finder of fact and the prosecutor, and that, "On retrial a different judge should preside, and we additionally note that, since this involves criminal contempt, the district attorney is the proper officer to prosecute the case." *Id.* at 123, 495 P.2d at 542.[2]

In *Vela v. District Court*, 664 P.2d 243 (Colo.1983), we held that section 21–1–103, 8B C.R.S. (1986 & 1990 Supp.), did not authorize the public defender to represent indigent defendants in civil contempt proceedings arising out of domestic relations' matters. Section 21–1–103, as amended in 1988, provides that "[t]he state public defender shall represent as counsel, ... each indigent person who is under arrest for or charged with committing a felony if:" the defendant requests it and meets the fiscal standards set-out by title 21, or if appointed by the court after determination that he meets the fiscal standards. § 21–1–103(1)(a) & (b). The public defender is also authorized to represent indigent defendants charged with misdemeanors; juveniles upon whom delinquency petitions are filed or who are restrained by court order, process, or otherwise; "persons held against their will by process or otherwise for the treatment of any disease or disorder or confined for the protection of the public; and such persons charged with municipal code violations as the state public defender in his discretion may determine...." § 21–1–103(2). The public defender's duties include counseling and defending an eligible indigent client throughout every stage of the proceedings "following arrest, detention, or service of process," and also to prosecute appeals or other post-conviction relief. § 21–1–104.

■ In *Vela*, we found that the class of persons eligible for public defender representation was limited to those outlined by the legislature. 664 P.2d at 244–45. We now conclude that the public defender's duties are also limited by statute. There is no language in the enabling statute that would permit a public defender to prosecute any other matter, even as an officer of the court. Section 21–1–104 limits the duties of that office to counseling and de-

---

1. The public defender at first refused to request that another warrant issue for Garcia, at which point the judge dismissed the contempt citation. The public defender reconsidered, however, after discussing the possibility with the court that such a ruling could affect the appeal of Groves' first-degree murder conviction. Subsequently, he asked for a new bench warrant to issue, but did so only "under protest."

2. The United States Supreme Court, under its broad supervisory powers over the federal courts, upheld the use of private prosecutors in criminal contempt proceedings when the local United States attorney's office has been asked and has declined to prosecute. *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987). *Young* imposed limitations on *McCann v. New York Stock Exchange*, 80 F.2d 211 (2d Cir.1935), *cert. denied*, 299 U.S. 603, 57 S.Ct. 233, 81 L.Ed. 444 (1936), which is relied on by the prosecution as authority for upholding the order of the trial court. In this case, it is not necessary for us to reach the issues addressed in *Young* and *McCann* and we decline to do so.

fending indigent clients, and prosecuting appeals and other post-conviction relief on the client's behalf. Based on that language, the General Assembly clearly did not intend to grant the public defender authority to prosecute criminal contempt citations. The more appropriate response, given that statute, would be to appoint a special prosecutor when the district attorney's office is prevented from prosecuting the contempt citation because of potential conflicts of interest.

Accordingly, the rule is made absolute.

ROVIRA, C.J., does not participate.

