Joy BENNINGHOVEN, individually and as Mother of Richard Benninghoven, a minor, Plaintiffs,

v.

Hagen DEES and Edith Dees, Defendants–Appellants,

and Concerning The People of the State of Colorado, Appellee.

No. 91CA1675.

Colorado Court of Appeals, Div. II.

Feb. 11, 1993.

Alan R. Marsh, Denver, for defendants-appellants.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Eric V. Field, Asst. Atty. Gen., Denver, for the People of the State of Colo.

Opinion by Judge REED.

Defendants, Hagen and Edith Dees, appeal from the denial of their motion for review of an order of the trial court assessing a fine and imprisonment as punishment for their contempt of court. We affirm.

After trial, the trial court entered an order enjoining defendants from allowing their dog to be on certain real property located in Parker, Colorado. Defendants thereafter failed to comply with that order. This resulted in contempt proceedings in which the court found that the violation of its order had occurred and that it was willful. Accordingly, it adjudged each defendant to be in contempt and ordered each to pay a $300 fine and to serve two days in the county jail.

Defendants appealed the trial court's order to this court. In *Benninghoven v. Dees*, (Colo.App. No. 90CA0964, April 18, 1991) (not selected for official publication), a panel of this court rejected various contentions of the defendants, but remanded the cause to the trial court with instructions to enter a specific finding as to whether the punitive contempt order was necessary to "vindicate the dignity of the court." It further instructed that, if the trial court so found, the judgment would stand affirmed. Upon remand, the trial court specifically found that the contempt order was necessary to vindicate the dignity of the court, and thus, the judgment was deemed affirmed.

Subsequently, defendants paid the fines assessed by the trial court and simultaneously filed a motion for post-conviction review pursuant to Crim.P. 35(c)(2). Defendants argued that the "sentence" imposed by the trial court was not authorized by law. Specifically, defendants asserted that under C.R.C.P. 107(d), the trial court improperly assessed both a fine and imprisonment. Defendants contend that C.R.C.P. 107(d) allows a trial court to impose either a fine or imprisonment as punishment for contempt of court, but not both. And, defendants assert that since they paid the fine, they satisfied their "sentence of contempt."

The trial court summarily denied defendant's Crim.P. 35(c) motion. The court stated that the fine and imprisonment were imposed prior to the appeal and that, therefore, any contentions of error on those issues could have been raised then.

■ As a threshold matter, we address the attorney general's argument that this court may not consider defendants' Crim.P. 35(c) claim. She contends that Crim.P. 35(c) does not provide a method for reviewing the punishment assessed in a punitive contempt proceeding. We agree.

To seek relief under Crim.P. 35(c)(2), a person must have been *convicted of a crime* and must allege in good faith one of the grounds enunciated in that rule. The definition of a "crime" is set out in § 18–1–104, C.R.S. (1986 Repl.Vol. 8B and 1992 Cum.Supp.), as follows:

The terms 'offense' and 'crime' are synonymous and mean a violation of, or *conduct defined by, any statute for which a fine or imprisonment may be imposed.*

Each offense falls into one of eleven classes. There are six classes of felonies ... three classes of misdemeanors ... and two classes of petty offenses.... Common-law crimes are abolished and no conduct shall constitute an offense unless it is described as an offense in this code or in another statute of this state, but this provision does not affect the power of a court to punish for contempt.... (emphasis added)

Thus, to determine whether defendants may bring a claim under Crim.P. 35(c), we must first determine whether punitive contempt, the type of contempt found here, is considered a "crime" within the purview of that rule.

 A punitive contempt order preserves the power and vindicates the dignity of the court by imposing punishment on the contemner. The power to punish for punitive contempt is an inherent and indispensable power of a court. No fixed procedure for its enforcement is required, provided that the procedure employed complies with the basic precepts of due process of law. *People v. Barron*, 677 P.2d 1370 (Colo. 1984).

This power exists independently of legislative authorization, and conduct that results in a punitive sanction being imposed for contempt "is not a common law or statutory crime." *People v. Razatos*, 699 P.2d 970, 974 (Colo.1985). Simply put, punitive contempt is not defined by and does not exist because of any statute. *See People v. Razatos, supra; Wyatt v. People*, 17 Colo. 252, 28 P. 961 (1892).

Thus, since conduct leading to a punitive contempt order is not "defined by any statute" and since the power to enter such an order exists independent of the legislative will, defendants were not convicted of a "crime" as defined in § 18–1–104. Specifically, they were not convicted of a felony, misdemeanor, or petty offense as stated in § 18–1–104. And, since defendants were not "convicted of a crime," they may not seek post-conviction review of their punishment for contempt under Crim.P. 35(c). Hence, the trial court reached the correct result in summarily denying the motion.

Because of this resolution, we need not address defendants' contentions of error.

The order is affirmed.

STERNBERG, C.J., and NEY, J., concur.