Berlin District Court
No. 2001-681

THE STATE OF NEW HAMPSHIRE

(RITA PREMO, COMPLAINANT)

v.

ANGELA MARTINEAU

Argued: May 8, 2002
Opinion Issued: September 6, 2002

*Rita Premo, pro se,* filed no brief.

*Christopher M. Johnson,* chief appellate defender, of Concord (*Mr. Johnson* and *David M. Rothstein,* deputy chief appellate defender, on the brief, and *Mr. Johnson* orally), for the defendant.

*Philip T. McLaughlin,* attorney general (*Stephen D. Fuller,* assistant attorney general, on the brief and orally), for the State, as *amicus curiae.*

BROCK, C. J. This is an interlocutory transfer without ruling from the Berlin District Court (*Patten,* J.), *see* SUP. CT. R. 9, asking what class of criminal actions may be instituted and prosecuted by a citizen without authorization from a prosecuting authority. Because we conclude that New Hampshire common law prevents a private complainant from prosecuting a class A misdemeanor, which is the charge at issue in this case, we do not reach the broader constitutional question of whether private prosecutions by an interested party violate a criminal defendant's due process rights.

"We accept the statement of the case presented in the interlocutory transfer." *Trovato v. Deveau,* 143 N.H. 523, 524 (1999). The complainant, Rita Premo, complained to the Berlin police department that the defendant, Angela Martineau, had committed a criminal offense against her. The police investigated Premo's allegation, but decided not to bring criminal charges.

Thereafter, Premo filed a private criminal complaint against Martineau in the Berlin District Court charging Martineau with the class A misdemeanor offense of disorderly conduct. *See* RSA 644:2 (1996). Martineau filed a motion to dismiss, arguing that class A misdemeanors, which carry a possible punishment of imprisonment for as much as one year, *see* RSA 651:2, II(c) (Supp. 2001), fall outside the class of criminal actions that may be prosecuted by a citizen without authorization from a prosecuting authority. Pursuant to District and Municipal Court Rule 1.11 B and Supreme Court Rule 9, the matter was transferred to this court without a ruling.

The system of private prosecution that survives in this and other jurisdictions has its roots in English common law. *See State v. Storm*, 661 A.2d 790, 793 (N.J. 1995). Until the late nineteenth century, England relied upon a system of private prosecutions even for serious offenses. *See The Development of Present-Day Criminal Procedures in Europe and America*, 48 HARV. L. REV. 433, 469-70 (1935). Over time, in both England and the United States, the use of public prosecutors increased, and the use of private prosecutors began to fall into disfavor. Today, some States prohibit altogether the use of private prosecutors on behalf of interested parties. *See, e.g., State ex. rel. Wild v. Otis*, 257 N.W.2d 361, 364-65 (Minn. 1977), *cert. denied* 434 U.S. 1003 (1978); *State v. Harrington*, 534 S.W.2d 44, 48 (Mo. 1976); *Biemel v. State*, 37 N.W. 244, 247 (Wis. 1888). Others allow private prosecutors to *assist* in the prosecution, but only if the public prosecutor consents and retains control over the case. *See, e.g., Erikson v. Pawnee County Bd. of County Com'rs*, 263 F.3d 1151, 1154 (10th Cir. 2001), *cert. denied* 122 S. Ct. 1438 (2002); *Com. v. Hubbard*, 777 S.W.2d 882, 883 (Ky. 1989); *State v. Moose*, 313 S.E.2d 507, 512 (N.C. 1984); *State v. ex. rel. Koopers v. Intern. Union of Oil, Chemical and Atomic Workers*, 298 S.E.2d 827, 829-30 (W. Va. 1982); *Ates v. State*, 194 So. 286, 286-87 (Fla. 1939); *Brown v. State*, 250 S.E.2d 438, 439 (Ga. 1978); *State v. Addis*, 186 S.E.2d 415, 417 (S.C. 1972); *People v. Farnsley*, 293 N.E.2d 600, 605 (Ill. 1973); *State v. Basham*, 170 N.W.2d 238, 241 (S.D. 1969); *Veteto v. State*, 8 S.W.3d 805, 817-18 (Tex. App. 2000).

In New Hampshire, no statute or court rule either expressly permits, or expressly prohibits, private prosecutions by either an interested party or an interested party's attorney. RSA 592-A:7 (2001) provides that criminal proceedings before a district or municipal court begin when a complaint is filed with the court, but does not specify who may file such complaints. Usually, such prosecutions are undertaken by a State official. However, we have held that "[t]he common law of this State does not preclude the institution and prosecution of certain criminal complaints by private citizens." *State (Haas Complainant) v. Rollins*, 129 N.H. 684, 685 (1987).

Prior to the adoption of the New Hampshire Constitution in 1784, jurisdiction of certain criminal cases of minor importance was conferred upon justices of the peace. *State v. Jackson*, 69 N.H. 511, 513 (1898). However, "[b]y the common law of the colony, no one could be subjected to a trial for any criminal offense beyond the jurisdiction of a justice of the peace, except upon an indictment returned by a grand jury in a case of felony; or in the case of misdemeanors, on such indictment or upon an information filed by the attorney-general." *State v. Gerry*, 68 N.H. 495, 497 (1896). "The required accusation was not a mere form of procedure, but a substantial protection of every citizen against false and malicious charges

of crime, — a valuable security of his 'life, liberty, and estate' and of his enjoyment thereof." *Id.* at 498. Because private citizens could not procure indictments or informations without the active cooperation of a public prosecutor, private citizens could bring criminal prosecutions only if the charged offense lay within the jurisdiction of the justice of the peace.

In 1784, "a justice of the peace had authority to try and determine, subject to appeal, those criminal offenses only that were punishable by a fine not exceeding forty shillings, by whipping, or by setting in the stocks." *Id.* at 510. It is "impossible to determine what term of imprisonment would be an exact equivalent for the pain and disgrace occasioned by twenty stripes laid upon the bare back, or by two or three hours' confinement in stocks located near the meeting-house, or in some other public place." *Jackson,* 69 N.H. at 521. However, it is clear that justices of the peace had jurisdiction only over minor crimes.

■ When the New Hampshire Constitution was adopted in 1784, it included a provision stating:

> All the laws which have heretofore been adopted, used, and approved, in the province, colony, or state of New Hampshire, and usually practiced on in the courts of law, shall remain and be in full force, until altered and repealed by the legislature; such parts thereof only excepted, as are repugnant to the rights and liberties contained in this constitution . . . .

N.H. CONST. pt. II, art. 90. Because the legislature has never limited the initiation of the criminal process to public prosecutors, private prosecutions continue to exist as a matter of New Hampshire common law, so long as they are not "repugnant to the rights and liberties" contained in the constitution.

Although we have never before defined the class of cases private prosecutors may bring, all of the reported decisions that the parties have cited, and that we have been able to find, involving convictions after private criminal prosecutions arose in cases imposing penalties no more severe than a fine. *See State v. Wilson,* 7 N.H. 543 (1835) (military mustering violation); *State v. Tufts,* 56 N.H. 137 (1875) (violation of liquor laws); *State v. Roberts,* 59 N.H. 484 (1879) (catching trout out of season); *State v. Gratta,* 101 N.H. 87 (1957) (assault); *State v. Merski,* 115 N.H. 48, 49 (1975) (dog leash law violation).

Furthermore, while we have never specifically defined what charges private prosecutors may bring, we have been cognizant of the dangers they pose both to the rights of criminal defendants and to the sound administration of justice. *See Waldron v. Tuttle,* 4 N.H. 149, 151 (1827)

(noting that private prosecutions often originate from private quarrels, are intended to vex and harass an opponent, and often do not result in a public benefit justifying the expense); *Fletcher v. Merrimack County*, 71 N.H. 96, 102 (1901) (discussing the manner in which an interested prosecutor poses a threat to a defendant's rights). Consequently, when confronted with questions related to the governance of private criminal prosecution, we have consistently adhered to rules designed to counterbalance these concerns. *See Rogowicz v. O'Connell*, 147 N.H. 270, 274 (2001) (courts may not appoint the representative of an interested person to prosecute a criminal contempt action); *Rollins*, 129 N.H. at 687 (private prosecutors do not enjoy prosecutorial immunity); *Bokowsky v. State*, 111 N.H. 57, 58-59 (1971) (public prosecutor may *nol pros* private prosecution over objection of private complainant); *Waldron*, 4 N.H. at 151 (private prosecutions will not be paid for from the county treasury unless they receive the sanction of the attorney general or solicitor).

■■ We conclude from a review of our case law that the common law does not authorize private prosecutions of criminal offenses which may be punished by imprisonment. Because the complaint in this case charges the defendant with a class A misdemeanor, which carries a potential prison term of up to a year, we hold that Premo is barred from prosecuting the complaint.

*Remanded.*

NADEAU, J., concurred specially; DALIANIS and DUGGAN, JJ., concurred.

NADEAU, J., concurring specially. I agree with the well-reasoned opinion of the majority that private prosecutions of criminal offenses, punishable by imprisonment, are not permitted in this State. I am writing specially because I believe the court should address, now, the question transferred by the district court: what class of criminal actions may be instituted and prosecuted by private citizens without authorization from a prosecuting attorney? I believe the answer is: no class may be so prosecuted.

The United States Supreme Court has said, " [A] private citizen lacks a judicially cognizable interest in the prosecution . . . of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). The criminal laws are not intended to redress private wrongs, but rather to protect the public from wrongs committed against the State. *Cf. Duval v. Duval*, 114 N.H. 422, 425 (1974). The New Hampshire Constitution provides that all indictments, presentments and informations must end with the words "against the peace and dignity of the State." N.H. CONST. pt. II, art. 88. As a matter of

policy and practice, this acknowledgment of public purpose is recognized in the district courts as well, where criminal complaints, as the one in this case, are brought "against the peace and dignity of the State."

There is no statutory or constitutional authority for private prosecutions. It may be a quirk of history that, despite the public nature of the criminal justice system, the common law of this State has not precluded a private citizen from instituting and prosecuting certain criminal complaints. *See State (Haas Complainant) v. Rollins*, 129 N.H. 684, 685 (1987). Justification for such prosecutions, however, if it ever existed, does not exist today. We no longer have justice of the peace courts, nor do we engage in punishment by whipping, or by setting in the stocks.

The power to enforce the criminal laws of the State, generally, is entrusted by statute to the attorney general and to the county attorneys. *See* RSA 7:6 (Supp. 2001). The absence of a statutory prohibition against private enforcement of the criminal law is not justification to permit the practice, today. State and local officials have established, and maintain, an efficient, well-organized, publicly-controlled system for the prosecution of the crimes and offenses against the State.

Although public prosecutors have the power to *nol pros* any private complaint, *see State v. Gratta*, 101 N.H. 87, 88 (1957), private criminal prosecutions permit citizens to abuse the justice system for the simple purpose of harassing another. Early in our history private criminal prosecutions were recognized as generally motivated by little more than personal satisfaction. *See Waldron v. Tuttle*, 4 N.H. 149, 151 (1827). "They are often commenced in very doubtful cases and for the most trivial offences and are not unfrequently found to originate in private quarrels and to be carried on to vex and harrass an opponent." *Id.*

Whether, when, and the extent to which the prosecutorial power of the government will be arrayed against a defendant should not lie in the hands of a private individual. There is too much opportunity for abuse and too little motivation for detachment.

I believe the majority opinion makes the case that private prosecutions, today, are repugnant to the rights and liberties contained in our constitution. Therefore, I believe it is in the interest of judicial efficiency for us to address the issue now. Remanding is likely to invite private prosecution of a complaint for a class B misdemeanor in this case, or other cases, presenting to the district court the very question it asks us to answer here.