The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
January 30, 2025

## 2025COA13

**No. 24CA0348,** *Independent Reservoir v. Lichter* **— Attorneys
and Clients — Ineffective Assistance of Counsel; Civil
Procedure — Remedial and Punitive Sanctions for Contempt —
Indirect Contempt — Limitations — Motion for Reconsideration**

A division of the court of appeals concludes that parties

subject to punitive sanctions for indirect contempt in a civil case

may seek relief for the alleged ineffective assistance of their counsel

in the contempt proceedings by filing a motion for reconsideration

under C.R.C.P. 107(e). Accordingly, the division reverses the trial

court's order denying the appellants' motion for reconsideration,

and it remands the case to the trial court to consider the motion on

the merits.

Court of Appeals No. 24CA0348
Boulder County District Court No. 16CV10
Honorable Robert Gunning, Judge

Independent Reservoir Company and Daniel Candee,

Plaintiffs-Appellees,

v.

Laura Lichter and James Pollock,

Defendants-Appellants.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE GOMEZ
Fox and Lum, JJ., concur

Announced January 30, 2025

No Appearance for Plaintiffs-Appellees

Haddon, Morgan, and Foreman, P.C., Adam Mueller, Jacob McMahon, Denver, Colorado, for Defendants-Appellants

¶ 1     In this appeal, we are asked to consider the means by which parties subject to punitive sanctions for indirect contempt in a civil case may seek relief for the alleged ineffective assistance of their counsel in the contempt proceedings.  In *Benninghoven v. Dees*, a division of this court held that parties cannot seek relief under Crim. P. 35(c) in such circumstances because that rule applies only to persons convicted of a "crime," and punitive contempt is not a crime.  849 P.2d 906, 907-08 (Colo. App. 1993).  So what means, if any, is available to vindicate the right to the effective assistance of counsel in this context?

¶ 2     We conclude that parties subject to punitive sanctions for indirect contempt in a civil case may assert ineffective assistance of counsel in a motion for reconsideration filed under C.R.C.P. 107(e).  This rule allows a court to "reconsider any punitive sanction," and a showing that counsel rendered constitutionally ineffective assistance would provide a basis for reconsidering such a sanction.

¶ 3     We therefore conclude that the trial court erred by denying the motion by defendant, Laura Lichter, and her husband, James

Pollock, raising ineffective assistance of counsel arguments.[1] Although the court correctly declined to consider Lichter and Pollock's arguments under Crim. P. 35(c), it should've considered those arguments under C.R.C.P. 107(e). Accordingly, we reverse the order and remand the case for the trial court to consider the motion on the merits under C.R.C.P. 107(e).

## I. Background

¶ 4 The underlying dispute in this case concerns an easement currently held by plaintiff Independent Reservoir Company (a company owned and controlled by plaintiff Daniel Candee) that runs through a parcel of property owned by Lichter and Pollock. The trial court entered judgment establishing the scope and location of the easement and permanently enjoining Lichter from removing survey stakes placed within the easement's boundaries. A division of this court affirmed the judgment. *See Indep. Reservoir Co. v. Lichter,* (Colo. App. No. 17CA0675, July 5, 2018) (not published pursuant to C.A.R. 35(e)).

---

[1] Pollock is not a party to the underlying claims, but the court imposed penalties on both him and Lichter for punitive contempt.

¶ 5     The former easement holders later sought remedial contempt sanctions against Lichter for placing a gate, a surveillance camera, and an irrigation pipe within the easement boundaries.  After a hearing, the trial court issued an order finding Lichter guilty of contempt and imposing remedial sanctions until she removed the obstructions.  Another division of this court affirmed that order.  *See Indep. Reservoir Co. v. Lichter*, (Colo. App. Nos. 19CA0693 & 19CA1307, Sept. 3, 2020) (not published pursuant to C.A.R. 35(e)).

¶ 6     While that appeal was pending, the easement holders sought punitive contempt sanctions against Lichter and Pollock for placing another irrigation pipe in another area within the easement.  After a hearing, the trial court entered an order finding Lichter and Pollock guilty of contempt and imposing fines against both of them as a punitive sanction.  A third division of this court affirmed that order.  *Indep. Reservoir Co. v. Lichter*, (Colo. App. No. 19CA2249, Aug. 5, 2021) (not published pursuant to C.A.R. 35(e)).

¶ 7     After the mandate was issued in that third appeal, Lichter and Pollock filed the underlying motion under both Crim. P. 35(c) and C.R.C.P. 107(e), seeking relief on the ground that they received ineffective assistance of counsel during the punitive contempt

proceedings. Specifically, they claimed that their counsel rendered ineffective assistance by failing to advise them of their privilege against self-incrimination, allowing them to be called as witnesses and to offer incriminating testimony at the hearing, and failing to invoke constitutional protections afforded to defendants facing potential punitive contempt sanctions.

¶ 8 The trial court denied the motion on procedural grounds, reasoning that (1) based on *Benninghoven*, Lichter and Pollock couldn't seek review of the punitive contempt order under Crim. P. 35(c); and (2) they couldn't "repackage" and "advance" the same arguments that weren't allowed under Crim. P. 35(c) under "the more general" C.R.C.P. 107(e).

## II. Standard of Review

¶ 9 The interpretation of court rules presents a question of law, which we review de novo. *Bennett v. Colo. Dep't of Revenue*, 2024 COA 97, ¶ 13.

## III. Discussion

### A. The Right to Effective Assistance of Counsel

¶ 10     We begin by recognizing that Lichter and Pollock had a right to counsel in the punitive contempt proceedings, and that this right encompassed the right to the effective assistance of counsel.

¶ 11     C.R.C.P. 107 distinguishes between two forms of contempt: direct and indirect.  Direct contempt is "[c]ontempt that the court has seen or heard and is so extreme that no warning is necessary or that has been repeated despite the court's warning to desist." C.R.C.P. 107(a)(2).  A court can punish such contempt summarily, without notice or a hearing.  C.R.C.P. 107(b); *In re Marriage of Johnson*, 939 P.2d 479, 481 (Colo. App. 1997).  Indirect contempt, by contrast, is "[c]ontempt that occurs out of the direct sight or hearing of the court."  C.R.C.P. 107(a)(3).  Before punishing such contempt, the court must provide notice of the charged contempt and a right to a hearing on those charges.  C.R.C.P. 107(c); *Johnson*, 939 P.2d at 481.

¶ 12     C.R.C.P. 107 also provides for two types of sanctions for contempt: remedial and punitive.  Remedial sanctions — which are civil in nature — are "imposed to force compliance with a lawful

5

order or to compel performance of an act within the person's power or present ability to perform." C.R.C.P. 107(a)(5); *see also In re Parental Responsibilities Concerning A.C.B.*, 2022 COA 3, ¶ 24. Punitive sanctions — which are criminal in nature — are intended to punish "conduct that is found to be offensive to the authority and dignity of the court" and may include "[p]unishment by unconditional fine, fixed sentence of imprisonment, or both." C.R.C.P. 107(a)(4); *see also A.C.B.*, ¶ 23.

¶ 13     Persons alleged to be in contempt have a constitutional right to counsel when, as here, they are accused of indirect contempt and punitive sanctions are sought against them. *See Turner v. Rogers*, 564 U.S. 431, 441 (2011); *Cooke v. United States*, 267 U.S. 517, 537 (1925); *see also A.C.B.*, ¶ 36 (recognizing that, after *Turner*, the right to counsel doesn't universally apply in every contempt proceeding where imprisonment is a potential sanction, and considering the existence of such a right in a contempt case involving remedial sanctions).

¶ 14     This right to counsel includes the right to the effective assistance of counsel. *See Griffin v. Jackson,* 759 P.2d 839, 843 (Colo. App. 1988); *see also People v. Davis*, 2023 CO 15, ¶ 14 ("[T]he

right to counsel is the right to the effective assistance of counsel." (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984))).

B. Vindication of the Right to Effective Assistance of Counsel

¶ 15 We now turn to the means by which Lichter and Pollock can vindicate their right to the effective assistance of counsel.

¶ 16 Lichter and Pollock urge us to recognize Crim. P. 35(c) as such a means, departing from the division's decision in *Benninghoven*. *See Chavez v. Chavez*, 2020 COA 70, ¶ 13 (one division of this court is not bound by the holding of another division). We decline to do so, as we agree with the decision in *Benninghoven*.

¶ 17 As the *Benninghoven* division explained, "[t]o seek relief under Crim. P. 35(c)(2)" — which generally provides for postconviction review of criminal convictions — "a person must have been convicted of a crime and must allege in good faith one of the grounds enunciated in that rule." 849 P.2d at 907; *see also* Crim. P. 35(c)(2) ("[E]very person convicted of a crime is entitled as a matter of right to make application for postconviction review" by alleging in good faith one of the enumerated grounds for relief.). The division then explained that a "crime" is synonymous with "offense" and means "a violation of, or *conduct defined by, any*

7

*statute for which a fine or imprisonment may be imposed.*"
*Benninghoven*, 849 P.2d at 907 (quoting § 18-1-104, C.R.S. 1992).
Applying that definition, the division determined that punitive
contempt is not a crime because the power to impose a punitive
contempt sanction derives from a court's "inherent and
indispensable power," not from "any statute." *Id.* at 908. In other
words, "since conduct leading to a punitive contempt order is not
'defined by any statute' and since the power to enter such an order
exists independent of the legislative will," persons subject to
punitive contempt sanctions are "not convicted of a 'crime' as
defined in [section] 18 1-104." *Id.*

¶ 18     We agree with this reasoning. While punitive sanctions are
"criminal in nature because they're intended to punish," *A.C.B.*,
¶ 23, "[p]unitive contempt . . . is not a criminal offense," *In re*
*Marriage of Conners*, 2024 CO 44, ¶ 15 (quoting *Kourlis v. Port*, 18
P.3d 770, 773 (Colo. App. 2000)); *see also Eichhorn v. Kelley*, 111
P.3d 544, 547 (Colo. App. 2004) ("[C]onduct that is found to be
offensive to the authority and dignity of the court pursuant to
C.R.C.P. 107 is not criminal conduct, and contempt is not a
statutory criminal offense."). For that reason, the Colorado

Supreme Court recently held that C.R.C.P. 107 — rather than the criminal rules — "governs all contempt proceedings, whether punitive or remedial, that arise out of an underlying case that is civil in nature." *Conners*, ¶ 17.

¶ 19 Thus, we conclude that Crim. P. 35(c) is not the appropriate vehicle for parties subject to punitive contempt sanctions in a civil case to pursue ineffective assistance of counsel issues. Instead, we look to C.R.C.P. 107. *See A.R. v. D.R.*, 2020 CO 10, ¶ 63 (looking to civil procedures for a means to vindicate the right to effective assistance of counsel in termination of parental rights cases); *People v. Thomas*, 867 P.2d 880, 886 (Colo. 1994) (in the context of criminal convictions, "fundamental fairness" requires that some means be available to vindicate the constitutional right to the effective assistance of counsel).[2]

---

[2] Because the question is not presented to us, we don't consider whether ineffective assistance of counsel issues may also be asserted on direct appeal from a contempt order. *Cf. A.R. v. D.R.*, 2020 CO 10, ¶ 63 (a parent may raise an ineffective assistance issue on direct appeal from a judgment terminating parental rights); *People in Interest of Uwayezuk*, 2023 COA 69, ¶ 31 (a respondent may raise an ineffective assistance issue on direct appeal from an order authorizing the involuntary administration of medication).

¶ 20    Under C.R.C.P. 107(e), "[t]he court may reconsider any punitive sanction." A showing that counsel rendered constitutionally ineffective assistance would provide a basis for a court to reconsider its punitive sanction. *See generally Fox v. Alfini*, 2018 CO 94, ¶ 37 (one purpose of a motion for reconsideration is to allow parties to present new evidence or arguments they couldn't have presented before the initial ruling); *see also Van Nest v. Kegg*, 800 A.2d 509, 513-14 (Conn. App. Ct. 2002) (considering an appeal from a ruling on a motion for reconsideration claiming ineffective assistance of counsel in a contempt proceeding).

¶ 21    We therefore conclude that parties subject to punitive sanctions for indirect contempt in a civil case may pursue ineffective assistance of counsel issues through a motion for reconsideration filed under C.R.C.P. 107(e). Accordingly, we reverse the trial court's order and remand the case to the trial court to consider Lichter and Pollock's motion on the merits under C.R.C.P. 107(e). In doing so, we express no opinion on the merits of the motion or whether a hearing will be required to resolve it.

## IV. Disposition

¶ 22 The order is reversed, and the case is remanded to the trial court to consider the merits of Lichter and Pollock's motion under C.R.C.P. 107(e).

JUDGE FOX and JUDGE LUM concur.